IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ANTHONY MARCAVAGE,<br><br>              Plaintiff,<br><br>             v.<br><br>BOARD OF TRUSTEES OF TEMPLE UNIVERSITY OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION, et al.,<br><br>              Defendants. | CIVIL ACTION<br><br>NO.  00-5362 |

**MEMORANDUM AND ORDER**

**Tucker, J.**                                                                                                                  **November 22, 2005**

Presently before this Court are Plaintiff Michael Marcavage's Motion for a New Trial pursuant to FED. R. CIV. P. 59(a) (Docs. 149-152) and Defendants Board of Trustees of Temple University of the Commonwealth System of Higher Education, William Bergman, and Carl Bittenbender's Response in Opposition (Doc. 153).  Upon consideration of the parties' respective filings, the Court will deny the Motion for a New Trial.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, Michael Marcavage, a former Temple University student, filed this action on October 23, 2000.  The Complaint alleged that Defendants Board of Trustees of Temple University of the Commonwealth System of Higher Education, William Bergman, and Carl Bittenbender violated his First, Fourth and Fourteenth Amendment rights when they obtained his involuntary

commitment at Temple University Hospital for emergency psychiatric evaluation, allegedly in retaliation for his religious beliefs and efforts to stage a demonstration in support of his beliefs on campus.

After discovery, Defendants filed for summary judgment, which this Court granted in part and denied in part. The action went to trial on the issues of First and Fourth Amendment violations and state law claims. The jury considered Plaintiff's Federal claims of unreasonable seizure, excessive force and violation of substantive due process. The jury also considered state claims of assault, battery and false imprisonment. The trial ended in a verdict for Defendants on all claims. Following the trial, one of the jurors contacted Plaintiff's counsel Stephen Crampton, and informed him of possible misconduct during the jury deliberations. As a result, Plaintiff filed this Motion for a New Trial.

## II. LEGAL STANDARD

A court may grant a new trial "for any of the reasons which new trials have heretofore been granted." FED. R. CIV. P. 59(a). Generally, a court will order a new trial: (1) when the jury's verdict is against the clear weight of the evidence, and a new trial must be granted to prevent a miscarriage of justice; (2) when improper conduct by an attorney or the court unfairly influenced the verdict; (3) when the jury verdict was facially inconsistent; or (4) where a verdict is so grossly excessive or inadequate "as to shock the conscience." *Suarez v. Mattingly*, 212 F. Supp. 2d 350, 352 (D. N.J. 2002) (citations omitted). Determining whether to grant a new trial is within the sound discretion of the trial court. *Wagner v. Fair Acres Geriatric Center*, 49 F.3d 1002, 1017 (3d Cir. 1995).

## III. DISCUSSION

Plaintiff argues that a new trial should be granted on the ground of jury misconduct and/or

religious bias because a juror ("Juror No. 11") has asserted that jury misconduct was committed during deliberations. Plaintiff relies on assertions made by Juror No.11 that allegedly show bias on the part of several jurors towards Christians. Pl.'s Mem. ¶¶ 4-7. Plaintiff maintains that if the implicated jurors had been truthful during *voir dire*, this alleged bias and prejudice would have been discovered and these jurors would have been disqualified. *Id.* at ¶ 11. However, Defendants counter that FED. R. OF EVID. 606(b) prohibits this Court, when inquiring as to the validity of the verdict, from considering a juror's assertions regarding the internal communication between jurors during deliberations.

A Court may grant a new trial if a party presents admissible evidence of juror bias. *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 554 (1984). However, the inquiry into bias is limited by the Federal Rules of Evidence. FED. R. OF EVID. 606(b) provides, that "upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations" or "to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith." Rule 606(b) promotes the integrity of the jury system by "(1) discouraging harassment of jurors by losing parties eager to have the verdict set aside; (2) encouraging free and open discussion among jurors, (3) reducing incentives for jury tampering; (4) promoting verdict finality; and (5) maintaining the viability of the jury as a judicial decision-making body." *United States v. Stansfield*, 101 F.3d 909, 915 (3d Cir. 1996). A "jury's verdict may not be impeached by the testimony of a juror concerning any influences on the jury's deliberations that emanated from within the jury room." *Stansfield*, 101 F.3d at 913. However, Rule 606 does allow for inquiry under two exceptions. Inquiry into the

validity of a verdict may proceed only if extraneous prejudicial information has been improperly brought to jury's attention or when outside influence has been improperly brought to bear upon any juror. FED. R. EVID. 606(b). Therefore, this Court must determine whether the jurors' statements alleged in Plaintiff's Motion are admissible, and if admissible, whether they provide evidence of bias sufficient to overturn the verdict of the jury.

**A. Extraneous Information**

Plaintiff presents no evidence of any extraneous information being brought to the jury's attention. Extraneous influence has been found to include publicity received and discussed inside the jury room, consideration by the jury of evidence not admitted in court, and communications or other contact between jurors and third persons, including contacts with the trial judge outside the presence of the defendant and counsel. *Virgin Islands v. Gereau*, 523 F.2d 140, 149 (3d Cir. 1975) (citations omitted). Extraneous prejudicial information does not permit a juror to testify as to the actual effect of these matters on the testifying juror or any other juror but only as to the existence of extraneous prejudicial information. *Mattox v. United States*, 146 U.S. 140, 149 (1892).

Many of the statements offered by Plaintiff indicate that jurors voiced personal experiences with individuals of various religious faiths. However, life experiences do not constitute extraneous prejudicial information and may be brought into jury room. *Wilson v. Vermont Castings, Inc.*, 170 F.3d 391, 395 n.4 (3d Cir. 1999). Plaintiff offers a juror's statement implying the juror knew of Mr. Marcavage and his other activities outside this case. Juror 11 Decl. ¶ 4. There is no indication that the juror knew the Plaintiff. Moreover, jurors are not required to be completely ignorant about a case. *Wilson*, 532 F.2d at 151. Even if a juror did have some information, a Court cannot invalidate a verdict merely because a juror had generalized knowledge about the parties which may have played

a part in the juror's decision. *Id.* Moreover, intra-jury communications pose a less serious threat to the right to an impartial trial than extra-jury influences. *United States v. Bertoli*, 40 F.3d 1384, 1394 (3d Cir. 1994).

Even if the assertions constituted evidence of extraneous information or outside influence on the jury, Rule 606(b) does not permit a juror to testify as to the actual effect of these matters on the testifying juror or on any other juror. *United States v. Lloyd*, 269 F.3d 228, 238 (3d Cir. 2001). Testimony regarding the impact of outside influence would necessarily be testimony regarding the deliberative process, which is clearly prohibited by Rule 606(b). This Court's inquiry is limited to only that which is admissible. *Id*. Therefore, the evidence offered by Plaintiff does not fall within the extraneous information exception of 606(b) and is inadmissible.

**B. Outside Influence**

Plaintiff also fails to provide any evidence that outside influence was improperly brought to bear on the jury. While 606(b) also provides an exception for testimony regarding the existence of outside influence on a jury, the scope of "outside influences" is limited and applies only to those influences outside the evidence presented at trial, such as prejudicial publicity, pressure placed on jurors from outside sources, use of extrajudicial information. *Tanner v. United States*, 483 U.S. 107 (1987). Additionally, evidence of discussions among the jury, intimidation or harassment of a juror by another, along with other intra-jury influences fall within the prohibition of the rule not the exception and cannot be considered to impeach a verdict. *Gov't of Virgin Islands v. Gereau*, 523 F.2d 140, 149 (3d Cir. 1975).

Plaintiff's assertions that Juror No. 11 was "verbally attacked" by other jurors because of his religious beliefs and was accused of bias in favor of Plaintiff because of those beliefs fall squarely

5

within juror harassment and intimidation and are prohibited by Rule 606(b). *United States v. Stansfield*, 101 F.3d 909, 914 (3d Cir. 1996). This Court cannot consider those statements in determining whether to grant Plaintiff's motion. *Id.* (when inquiring into a verdict, the court refused to consider evidence that several female jurors alleged harassment and intimidation through statements made by other jurors during deliberations based on their gender).

**C. Inquiry into Juror Bias**

Finally, Plaintiff has not made an adequate showing of juror bias. Rule 606(b) generally precludes testimony concerning the effect of a juror's racial or other bias on deliberations. *Martinez v. Food City, Inc.*, 658 F.2d 369 (5th Cir. 1981). Such biases should be uncovered when the jury is being selected. *Id*. However, assuming that *voir dire* is minimally adequate, jurors who are persistent in their bias are likely to have lied during *voir dire.* Lies during *voir dire* would be material misrepresentations because prospective jurors who answer truthfully regarding their bias likely will be challenged for cause. Rule 606(b) applies to juror deliberations, but it does not preclude an inquiry into whether a juror lied during *voir dire.*

The Supreme Court has long held that litigants are entitled to fair trials although not perfect trials. *McDonough*, 464 U.S. at 553. A fair trial necessarily includes an impartial trier of fact, a jury willing and able to decide a case based solely on the evidence admitted at trial. *Id.* at 554. The right to an impartial jury is protected by the *voir dire* examination, which is intended to expose potential biases. *Id.* An inquiry into whether a juror lied during the *voir dire* questioning may necessitate a new trial. The moving party must show that the juror failed to answer honestly a material question and then show that a truthful response would have provided a valid basis for a challenge for cause. *Id.* at 557. However, *McDonough* only addressed the right of a party to obtain a new trial upon

making a particular showing, not the admissibility of evidence to make that showing.

Courts have emphasized that allegations of juror misconduct, incompetency, or inattentiveness, initially raised some time after the verdict seriously disrupt the finality of the process. *Tanner*, 483 U.S. at 120 (finding juror affidavits regarding alleged drug and alcohol abuse by members of the juror may not be considered in motion for a new trial). Additionally, the courts have held that a verdict may not be disturbed even when it is later learned that juror's did not put aside personal prejudices during deliberations. *United States v. Duzac*, 622 F.2d 911 (5th Cir. 1980). In *Duzac*, the appeals court affirmed the trial court's refusal to conduct an inquiry into allegations that some jurors allowed their prejudices to affect their decision because the judge would have had to ask questions regarding deliberations, which is precluded by Rule 606(b). *Id.*

Plaintiff's only evidence of alleged bias comes from statements by other jurors allegedly made during deliberations. Plaintiff presents no evidence of the jurors' thoughts or actions prior to deliberations. In this case, Plaintiff argues that the verdict should be invalidated because several jurors' comments during deliberations show that those jurors must have lied on *voir dire*. However, Plaintiff makes no attempt to reconcile the inherent conflict with Rule 606(b), which categorically bars juror testimony regarding statements made during the course of deliberations. There is no evidence that the jurors lied during *voir dire*, only speculation by Plaintiff's counsel.

As previously discussed, the Third Circuit has spoken as to the importance of several fundamental principles regarding the integrity of the jury system. *See Wilson*, 170 F.3d at 394; *Lloyd*, 269 F.3d at 237; *Gereau*, 523 F.2d at 148. Among the interests protected by the bar on statements made during deliberations is the protection of jurors against potential post-verdict harassment by losing parties. Were this Court to consider the statements made during deliberations,

this policy interest would be directly contravened. Any losing party could contact jurors in an effort to discover statements that could potentially expose a juror to accusations of making false statements during *voir dire*. Exposing jurors to this type of harassment would seriously hinder a jury's ability to conduct the most open and forthright deliberations.

The Federal Rules of Evidence bar juror testimony "as to any matter or statement occurring during the course of the jury's deliberations" even when the testimony is not being offered to explore the jury's decision-making process in reaching the verdict. *Tanner*, 483 U.S. at 122-25. Although Plaintiff asks this Court to consider statements made during jury deliberations only as to whether a juror lied during *voir dire*, Plaintiff offers no Rule of Evidence, nor court decision in support of his request that this Court make an exception as to the categorical prohibition against testimony on matters and statements occurring during jury deliberations. No case in any circuit has required a court to consider inadmissible evidence when inquiring as to whether a juror lied under *voir dire* and this Court will not do so, especially based upon nothing more than speculation by Plaintiff's attorney.

### IV. CONCLUSION

Given the strong policy considerations protected by FED. R. EVID. 606(b) and the lack of pertinent support to justify an exception, the Court denies Plaintiff's Motion for New Trial on the grounds that Juror No. 11's affidavit may not be considered by the Court because it attests to statements made by jurors during deliberations. Such statements are prohibited by FED. R. EVID. 606(b), and are not admissible to demonstrate that a juror lied during *voir dire*. In accordance with the foregoing, Plaintiff's Motion for a New Trial is denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ANTHONY MARCAVAGE, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> BOARD OF TRUSTEES OF TEMPLE : <br> UNIVERSITY OF THE : <br> COMMONWEALTH SYSTEM OF : <br> HIGHER EDUCATION, et al., : <br> : <br> Defendants. : | CIVIL ACTION <br><br> NO. 00-5362 |

## ORDER

**AND NOW,** on this 22nd day of November, 2005, upon consideration of Plaintiff Michael Marcavage's Motion for New Trial pursuant to FED. R. CIV. P. 59(a) (Docs. 149-152) and Defendants Board of Trustees of Temple University of the Commonwealth System of Higher Education, William Bergman, and Carl Bittenbender's Response in Opposition (Doc. 153), **IT IS HEREBY ORDERED AND DECREED** that Plaintiff's Motion for a New Trial is **DENIED**.

BY THE COURT:

/S/ Petrese B. Tucker

_____

**Hon. Petrese B. Tucker, J**.

9